# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | | |
|---|---|---|
| RAMON YOUNG, | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action |
| v. | : | No. 5:09-CV-84 (CAR) |
| | : | |
| FEDEX EXPRESS, | : | |
| | : | |
| Defendant. | : | |

## ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION

Currently before the Court are Plaintiff's Motion for Reconsideration of the Court's Order Granting Summary Judgment [Doc. 55] and Plaintiff's Motion for Leave to File a Reply Brief [Doc. 64]. In his Motion for Reconsideration, Plaintiff contends that the Court committed clear legal error in failing to properly consider his tender of an EEOC Investigator's Report in opposition to summary judgment. Because the Plaintiff has failed to establish that the Court committed clear error or that reconsideration of its previous order is necessary to prevent manifest injustice, Plaintiff's Motion for Reconsideration is **DENIED**. Additionally, Plaintiff's Motion for Leave to File a Reply Brief is **DENIED**.

"Motions for reconsideration should be granted only if: (1) there has been an intervening change in controlling law; (2) new evidence has been discovered; or (3) reconsideration is needed to correct clear error or prevent manifest injustice." Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005). In his motion, Plaintiff does not contend that there has been an intervening change in controlling law or that new evidence has been discovered. Plaintiff's sole contention is that the Court committed clear legal error by failing to properly consider the

EEOC Investigator's Report ("Report") offered by the Plaintiff.

Plaintiff has not established that the Court clearly erred in its consideration of the Report or that the Court's decision resulted in manifest injustice. "[A] district court is not required to defer or make reference to the EEOC determination in its opinion deciding summary judgment and therefore, is not required to find the determination creates an issue of material fact." Keaton v. Cobb County, 545 F. Supp. 2d 1275, 1310-11 (N.D. Ga. 2008). "The probative value of an EEOC determination depends on the other evidence in the case and the quality of the investigation and the conclusions therefrom." Id. at 1311. Plaintiff appears to offer the Report for the conclusions that the Defendant's reasons for firing him were pretextual and that Thomas Dudley was a valid comparator. The Court is not required to defer to the Report's conclusion that the Defendant's reasons for firing the Plaintiff were pretextual. Moreover, in light of the other evidence in the case, the Court properly gave little value to the Report's conclusion that Thomas Dudley was a proper comparator. Further record evidence beyond the Report's conclusory statements regarding Dudley established that Dudley's coding mistake was based on a mistaken understanding of the proper code, as opposed to the Plaintiff's intentional falsification of delivery records. Although other competent evidence indicates that the Report's unsupported description of the Dudley incident was incorrect in other ways, the Court need not address those at this time. The undisputed difference between an honest coding mistake and intentional falsification of delivery records based on an improper delivery method is enough by itself to establish that Dudley was not a proper comparator, despite the Report's implicit assertion to the contrary. Because the Plaintiff has failed to establish that the Court committed clear error in its consideration of the Report or that reconsideration is necessary to prevent manifest injustice, Plaintiff's Motion for Reconsideration is denied.

Finally, Local Rule 7.6 takes a simple stance on a reply brief offered in support of a motion

for reconsideration: "There shall be no reply brief." M.D. Ga. Local Rule 7.6. Accordingly, Plaintiff's Motion for Leave to File a Reply Brief is denied.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Reconsideration [Doc. 55] and Motion for Leave to File a Reply Brief [Doc. 64] are **DENIED**.

SO ORDERED this 20th day of October, 2010.

S/ C. Ashley Royal  
C. ASHLEY ROYAL, JUDGE  
UNITED STATES DISTRICT COURT

bcw